Tayxoij, Chief-Justice,
 

 delivered the opinion of the Court:
 

 It is contended by the Plaintiff that the lot which he occupies as lessee of the Trustees of the Newborn Academy, is exempted from taxation by the words of the act of 1806, ch. 3. The tenth section of the act is in these words
 
 ; ee
 
 all houses and lots or other real or personal estate ap-
 
 “
 
 pertaining thereto, set apart and appropriated to divine
 
 i(
 
 worship, or for the educationo f youth, shall be, and the
 
 “
 
 same are hereby exempted from all taxes whatsoever.” It was the design of this law to exempt from taxes only that property, which was specially and exclusively set apart and appropriated to divine worship or education, and directly employed for either of these purposes ,* as the lot on which a'church stands, which would include the church-yard, and the minister’s residence, if the latter be an appurtenance to the principal lot 5 or an Academy and the lot on which it is built, and the grounds appurtenant to it, if employed in the purposes of education, as for the residence of the teachers, or towards the recreation or nourishment of the youth. If the Academy lot and its appurtenances were sold, whatever would pass under the name of an appurtenance, comes within the fair scope of its
 
 *246
 
 exemption. But a corporation may own,- and in point of fact, some do own, real property, which- is rented out for sums more than sufficient to meet any demands arising from the objects of their incorporation1; and if the Legislature intended to exempt
 
 all
 
 the property of a corporation from taxation, they would probably have used words of larger compass than those contained in this law. It is most clear, that if the trustees were to grant the Academy lot, the lot occupied by the Plaintiff would not pass with it 5 because it does not appertain to the lot which is set apart and appropriated for the education of youth. — The Defendant is entitled to judgment.